WATKINS, Judge.
Plaintiff, Cleadon Foy, filed suit against Winn-Dixie of Louisiana, Inc. d/b/a Winn-Dixie Food Stores alleging that he slipped and fell on an ammonia cleaned floor at a Winn-Dixie Food Store. The case was tried before a jury, which awarded $66,250 damages. Winn-Dixie appealed. We affirm.
Foy and his wife, entered a Winn-Dixie Food Store and immediately noticed the strong odor of ammonia throughout the store. The ammonia had been applied between the gondolas holding food items. Foy testified the floor was wet; a store employee, Cora Lou Costanza, testified the floor was sticky. In any event, when he went down a damp — sticky aisle of the store to get a bottle of ketchup, Foy slipped and fell, severely injuring his back. No “wet floor” warnings or similar warnings had been posted in the store. Plaintiff was taken to the hospital, and was eventually forced to undergo a hemilaminecto-my and discectomy to the L-4, L-5 vertebrae. Plaintiff has been disabled to return to his former occupation as a bricklayer, and testimony reveals that since the date of the fall he has become an alcoholic.
The jury originally found Foy and Winn-Dixie each 50% negligent, under the doctrine of comparative negligence which was in force at the date of the accident. The verdict fixed the quantum of the award to Foy as $66,250.00. After the verdict was read, the court asked both counsel if they desired a polling of the jury. Counsel for Winn-Dixie asked permission to approach the bench. The court then asked the jury if it understood in finding Winn-Dixie and Foy each 50% negligent it in effect limited the award to ½ of $66,250.00. The jury foreman replied “No.” The court then explained to the members of the jury that if they wished Foy to receive $66,250 they must come back with an award of double $66,250, as they had found both plaintiff and defendant 50% negligent. The jury then retired for a second time, and returned with an award of $132,500, of which plaintiff would receive $66,250.00.
*388 On appeal defendant contends that it was error to have resubmitted the case to the jury. We have held that the trial court may resubmit a case to a jury if the jury gives inconsistent answers to interrogatories. House v. Thompson, 452 So.2d 1195 (La.App. 1st Cir.1984), writ denied, 457 So.2d 15 (La.1984). Although the answers to interrogatories were not in themselves inconsistent with the verdict in the present case, they were rendered inconsistent by the answer “No” given by the foreman to the question whether the jury intended to limit plaintiffs recovery to 50% of $66,-250.00. The question was asked the foreman without objection from either counsel, and we must assume counsel for Winn-Dix-ie concurred in the procedure. As the foreman’s answer indicated that the quantum of the verdict given the doctrine of comparative negligence was inconsistent with the quantum desired by the jury, and as the matter was explored freely and voluntarily by the court without objection of either counsel, we find no error in the resubmission of the case to the jury or in the verdict subsequently rendered as the product of that resubmission.
Both parties contend the other was solely at fault. The facts suggest that both were at fault, or in any event the jury’s verdict in so holding was not clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), Canter v. Koehring Company, 283 So.2d 716 (La.1973).
Accordingly, the judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.